JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wolfington, individually and on behalf of all others similarly situated

**DEFENDANTS**
RECONSTRUCTIVE ORTHOPAEDIC ASSOCIATES II, P.C.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability — **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | — ☐ 385 Property Damage Product Liability | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting — ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment — **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations — ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare — ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights — ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Truth in Lending Act, 15 U.S.C. §1601 et seq.
Brief description of cause:
Violation of the Americans With Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 9/9/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 925 Chestnut Street, 5th Floor, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Philadelphia County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Truth in Lending Act, 15 U.S.C. §1601 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 9/9/2016    _____    87976
                   Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/9/2016    _____    87976
                   Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

```
WOLFINGTON                        :        CIVIL ACTION
The Rothman Institute             :
                   v.             :
                                  :
                                  :        NO.
                                  :
```

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                              ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )


| 9/9/16 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW WOLFINGTON, individually and on behalf of all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff(s) | |
| v. | Civil Action Docket No. _____ |
| RECONSTRUCTIVE ORTHOPAEDIC ASSOCIATES II, P.C. a/k/a The Rothman Institute, Rothman Institute, and DOES 1 through 10, inclusive, | JURY TRIAL DEMANDED |
| Defendant(s) | |

Plaintiff Andrew Wolfington ("Plaintiff" or "Wolfington") on behalf of himself individually, and on behalf of all others similarly situated, alleges as follows:

## I.      INTRODUCTION

1.      This is an action for damages brought by consumers relating to Defendant's violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq*., Regulation Z, 12 CFR §1026.1 *et seq*., and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq*., Regulation E, 12 C.F.R. § 205 *et seq*.

2.      In effectuating the TILA, Congress believed "that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit.  The informed use of credit results from an awareness of the cost thereof by consumers.  It is the purpose of the TILA to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing

and credit card practices."

3.      Similarly, Congress effectuated the EFTA to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems.  15 U.S.C. § 1693(a).  Notably, the primary objective of the EFTA is the "provision of individual consumer rights."  15 U.S.C. § 1693(b).

4.      Despite these plain truths, Defendant (defined herein) extended credit to Plaintiff and obtained Plaintiff's personal banking information so as to execute electronic transfers to repay the loan, yet failed to provide the necessary disclosures and written authorizations in accordance with the TILA, Regulation Z, the EFTA, and Regulation E.

5.      Upon information and belief, Defendant used these very same tactics on tens of other consumers who fall within the ambit of the protections of the TILA and the EFTA.

## II.      THE PARTIES

6.      Plaintiff Wolfington is a resident of the Commonwealth of Pennsylvania and was a patient of The Rothman Institute.

7.      Plaintiff is a "consumer" as that term is defined and/or contemplated within the scope of TILA.

8.      Defendant Reconstructive Orthopaedic Associates II, P.C. ("ROA") a/k/a The Rothman Institute is a business having a corporate address at 925 Chestnut Street, 5th Floor, Philadelphia, PA 19107.  ROA provides medical services and is affiliated with hospitals and orthopaedic centers.

9.      Defendant Rothman Institute is a fictitious name established and used by ROA in the operation of its business.

10.      Defendants are a "creditor" as that term is defined and/or contemplated within the

2

scope of TILA.

11.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this pleading once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each Defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

12.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

### III.     JURISDICTION AND VENUE

13.     The Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

14.     The Eastern District of Pennsylvania is the proper venue for this litigation pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

### IV.     STATEMENT OF CLAIMS

#### A.     Background

15.     In or around late August/early September 2015, Plaintiff Wolfington suffered an anterior cruciate ligament tear and meniscus tear in his left knee.  Due his injuries, Plaintiff required reconstructive knee surgery.

16.     Wolfington was scheduled to have reconstructive knee surgery on January 21,

2016 at the Vincera Surgery Center – a Rothman Institute affiliated ambulatory facility.

17.     Prior to the one-day, outpatient surgical procedure, Wolfington received and executed a Rothman Institute "Financial Policy," which, among other things, stated:

> **** Your insurance plan may have a deductible.  If there is an outstanding deductible that has not been met on your plan, you will be contacted by one of our Financial Counselors.  You will be required to pay any outstanding deductible prior to your procedure.

18.     After executing the Financial Policy Form, and a few days before his scheduled surgery, Wolfington was contacted by a member of the Rothman Institute's "Business Office," and told that his surgery could not be completed, unless and until he satisfied his deductible payment which exceeded $2,000.00.

19.     Wolfington did not have the financial means necessary to satisfy his deductible payment in one lump sum.  With Plaintiff's permission, Plaintiff's father contacted the Rothman Institute business office on or about January 20, 2016 to discuss payment of his son's deductible.

20.     After discussing the inability of his son to pay the entire deductible in one lump sum, Defendant agreed to extend credit to Plaintiff to cover the balance owed, which consisted of an initial credit card payment of $200.00 on January 20, 2016, with subsequent monthly payments of $100.00, until the balance of the deductible was fully satisfied.

21.     Plaintiff was then told by a member of The Rothman Institute's business office that the financing of his deductible only could occur if he voluntarily agreed to monthly electronic payment deductions from his personal checking account by The Rothman Institute.

22.     At the time of agreeing to the financing plan, Plaintiff did not receive any written information regarding the financing, nor did he provide written authorization to allow automatic monthly payment deductions from his personal checking account.

23.     Wolfington received the following confirmation of the initial payment associated

4

with his financing plan:

>Dear Andrew Wolfington,
>
>You recently processed an online bill payment to Rothman Institute through our secure portal.  We just want to say "thank you" for your payment; we appreciate your prompt attention. Here is your payment information:
>-----------------------------------------------------------------------
>Payment To: Rothman Institute
>Account Number: 1353706
>Account Type: Credit Card
>Amount: $200.00
>Credit Card: ************3065
>Date Submitted: 01/20/2016 01:32 PM
>Confirmation #: 820245481086813241

24.     Plaintiff received the following confirmation of his online bill payment plan for

his deductible account balance:

>Dear Andrew Wolfington,
>
>The Rothman Institute has recently scheduled an online bill payment plan for your account balance.  We just want to say "thank you" for your payment and appreciate your prompt attention.
>
>Here is your payment information:
>-----------------------------------------------------------------------
>Payment To: Rothman Institute
>Patient Account Number: 1353706
>Paid Via: Credit Card
>Frequency: Once a month
>Payment Amount:  $100.00
>Credit Card: ************8430
>Date Submitted Online: 01/20/2016 01:34 PM First Scheduled Pay
>Date: 02/21/2016 12:00 AM
>-----------------------------------------------------------------------

25.     Although noted as "Paid Via: Credit Card," the above transaction was an

electronic transfer from Plaintiff's personal banking account.

26.     Plaintiff did not receive any written notification prior to the withdrawal or charge

to his account.

## B.     Truth in Lending Act

27.     The TILA and Regulation Z, 12 C.F.R. § 1026.1 *et seq.*, were enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601(a).

28.     By extending credit to Plaintiff that was payable by agreement in more than four installments, Defendant is a "creditor" as that term is defined under the TILA.  15 U.S.C. § 1602(g).

29.     Because the credit extended Plaintiff was for his personal use, he is a "consumer," as that term is defined under the TILA.  15 U.S. C. § 1602(i).

30.     Pursuant to the TILA, a creditor that extends credit to a consumer that is payable in more than four installments is required to provided certain written disclosures prior to when the actual credit is extended.   The disclosures required include *inter alia*: (i) the amount financed; (ii) the sum of the amount financed, including any finance charges; and (iii) the number, amount, and due dates or period of payments scheduled to repay the total of payments. 15 U.S.C. § 1638(a)(6).

31.     Defendant failed to provide Plaintiff with **any** written disclosures regarding the credit extended by Defendant.

32.     Specifically, Plaintiff did not receive any written disclosures regarding the number, amount and due dates or period of payments scheduled to repay the total of payments, in violation of the TILA.

### C.      Electronic Funds Transfer Act

33.      The EFTA and Regulation E were enacted in part with primary objective of protecting "individual consumers engaging in electronic fund transfers."  12 C.F.R. § 205.1(b).

34.      Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

35.      Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

36.      Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

37.      Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization."  *Id*. at 11110(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable."  *Id*. at 1110(b), comment 6.

38.      As noted above, Plaintiff did not receive a copy of a written authorization for the electronic transfers from his personal bank account.

39.      Moreover, Plaintiff did not receive a copy of written authorization that identified the terms of the electronic transfers, including the dates in which the transfers would be

effectuated.

40.     As a result of Defendant's violations of the TILA and the EFTA, Plaintiff suffered injuries.

41.     As a result of Defendant's violations of the TILA, Plaintiff was not made aware of the terms of the credit that was extended to him, including whether he would be subject to late or finance charges.  In addition, Plaintiff was not made aware of whether he would be subject to collection efforts if he failed to repay the credit in full.

42.     As a result of Defendant's violations of the EFTA, Plaintiff was not made aware of the terms of the electronic transfers from his personal banking account.

43.     As noted above, Plaintiff did not receive any advance notice of the electronic transfer from his account.  As a result, Plaintiff faced the possibility of having his account overdrawn and incurring fees from his bank.

## V.     CLASS ALLEGATIONS

44.     Plaintiff brings this action on behalf of himself and a class of similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

45.     Plaintiff brings this action as a nationwide class action for Defendant's violations of the TILA and the EFTA on behalf of the following class of individuals:  All natural persons extended credit by Defendant, who: (i) entered into payment plans that consisted of four or more payments;(ii) who were not given disclosures mandated by the TILA during the applicable class period covered by this Complaint; (iii) who repaid the credit through electronic transfers from their personal bank account and (iv) who were not provided copies of a valid written authorization for the electronic transfers as mandated by the EFTA.

46.     Upon information and belief, the number of individuals in the Class is so

numerous that joinder of all members is impracticable.  The exact number of members of the Class can be determined by reviewing Defendant's records.  Plaintiff believes and thereon alleges that there are over a hundred individuals in the Class.

47.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

48.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

49.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, members of the Class likely will not obtain redress of their injuries.

50.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

51.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

       a.     Whether Defendant is a "creditor," as that term is defined under the TILA;

b.      Whether Defendant was required to issue written disclosures proscribed by TILA and Regulation Z;

c.      Whether Defendant violated the TILA;

d.      Whether Defendant was required to obtain written authorization and provide a copy of same to Plaintiff and the members of the class for the electronic transfers as proscribed by the EFTA and Regulation E;

e.      Whether Defendant violated the EFTA; and

f.      Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

52.      Plaintiff Wolfington's claims are typical of the claims of members of the Class. Plaintiff and the members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

53.      Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## VI.    CAUSES OF ACTION
### COUNT I
### TILA
(On Behalf of Plaintiff and the Class)

54.      Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

55.      Defendant is a "creditor" as that term is defined under the TILA.

56.      Plaintiff is a "consumer" as that term is defined under the TILA.

57.      Defendant extended credit to Plaintiff to allow Plaintiff to undergo reconstructive knee surgery.

58.      As described herein, Defendant's actions violated the applicable provisions of the

TILA.

59.     Defendant violated the provisions of the TILA by, *inter alia*, failing to provide mandated disclosures regarding the number, amount and due dates or period of payments scheduled to repay the total of payments as required by the TILA.  15 U.S.C. § 1638(a)(6).

60.     As result of Defendant's violations of the TILA, Plaintiff Wolfington and the Class have suffered damages in an amount to be determined at trial.

**COUNT II**
**EFTA**
**(On Behalf of Plaintiff and the Class)**

61.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

62.     Pursuant to its extension of credit to Plaintiff, Defendant sought monthly payments from Plaintiff to repay the balance owed by effectuating monthly transfers from Plaintiff's personal bank account.

63.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

64.     Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

65.     Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

66.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id*. at 11110(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id*. at 1110(b), comment 6.

67.     Defendant has debited Plaintiff's and also, on information and belief, the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

68.     In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

69.     As result of Defendant's violations of the EFTA, Plaintiff Wolfington and the Class have suffered damages in an amount to be determined at trial.

## V.     CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a)     A Declaration that Defendant has violated the applicable provisions of the TILA and the EFTA;

(b)     An Order designating this action as a class action pursuant to Federal Rule

of Civil Procedure 23;

> (c)     An Order appointing Plaintiff and his counsel to represent the Class;

> (d)     An Order enjoining Defendant from any further violations of the TILA

and the EFTA;

> (e)     Statutory damages;

> (f)     Attorneys' fees and costs; and

> (g)     Such other relief as the Honorable Court shall deem just and appropriate.

### VI.     <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURES ON THE NEXT PAGE)**

Date: <u>September 9, 2016</u>                               Respectfully submitted,
                                                            **KALIKHMAN & RAYZ, LLC**

                                                            Arkady "Eric" Rayz, Esquire
                                                            Demetri A. Braynin, Esquire
                                                            1051 County Line Road, Suite "A"
                                                            Huntingdon Valley, PA 19006
                                                            Telephone:  (215) 364-5030
                                                            Facsimile:  (215) 364-5029
                                                            Email: erayz@kalraylaw.com
                                                            Email: dbraynin@kalraylaw.com

                                                            **THE KEHOE LAW FIRM**
                                                            Michael K. Yarnoff, Esquire
                                                            Two Penn Center Plaza
                                                            1500 JFK Boulevard, Suite 1020
                                                            Philadelphia, PA 19102
                                                            Telephone: (215) 792-6676
                                                            Facsimile: (215) 792-6676
                                                            Email: myarnoff@kehoelawfirm.com

                                                            **CONNOLLY WELLS & GRAY, LLP**
                                                            Gerald D. Wells, III, Esquire
                                                            Robert J. Gray, Esquire
                                                            2200 Renaissance Blvd., Suite 308
                                                            King of Prussia, PA 19406
                                                            Telephone: (610) 822-3702
                                                            Facsimile: (610) 822-3800
                                                            Email: gwells@cwg-law.com
                                                            Email: rgray@cwg-law.com

                                                            Counsel for Plaintiff and the Proposed Class